IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHERRI MATHIS                                                                                       PLAINTIFF

        v.                              Civil No. 08-3027

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Sherri Mathis, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background:**

The plaintiff filed her application for DIB on September 22, 2005, alleging an onset date of January 1, 2000, due to Type I diabetes with resultant neuropathy, asthma, chronic fatigue, and generalized pain. (Tr. 43, 37-39, 41-42, 83-84, 102-103, ). An administrative hearing was held on October 16, 2007. (Tr. 391-429). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 44 years old and possessed a high school education with a year and a half of college credit. (Tr. 108, 394-395). The record reveals that she has past relevant work experience ("PRW") as an escrow officer, title company branch manager, and title clerk. (Tr. 21, 395-402).

On December 27, 2007, the Administrative Law Judge ("ALJ") concluded that plaintiff's diabetes mellitus, polyneuropathy, asthma, shoulder pain, mild degenerative disc/joint disease in the lumbar spine, and tennis elbow were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform light work not involving exposure to concentrated levels of dust, fumes, smoke, chemicals, and noxious gases. Further, the ALJ determined that plaintiff was limited to performing work allowing for some variables, work that is learned by experience, and work that involves little supervision but more supervision for non-routine work. (Tr. 15). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform her PRW as a title clerk. (Tr. 21).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on April 4, 2008. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion:**

Of particular concern to the undersigned is the fact that the record does not contain an RFC assessment from any of plaintiff's treating physicians. The record does contain an assessment for a non-examining, consultative doctor indicating that plaintiff could perform medium level work. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). However, this was prepared before additional medical records

3

were submitted to the ALJ rendering it unreliable.  Without it, the record does not contain an RFC assessment.  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the evidence establishes that plaintiff was suffering from uncontrolled insulin dependent diabetes mellitus type 1.    The records do make clear that plaintiff continued to work, at least part-time, through August 1, 2004.  As such, we do not believe that she can prove herself disabled prior to this time.  However, even after plaintiff quit work, her blood sugar levels fluctuated greatly.  Records indicate variations in glucose levels ranging from the 70s to the 400s.  In fact, plaintiff's Hb1Ac level, which is used to measure her average blood glucose over the previous 3-4 months, registered within the normal range on only one occasion during the relevant time period.  (Tr. 248, 282, 289, 369, 373).

Further, in 2007, plaintiff's treating doctor, Dr. Vianne France, stated that plaintiff's condition required her to self administer at least 4 insulin injections daily and a minimum of 4 glucose tests daily.  (Tr. 386).  If her glucose was too high, she would need to administer more insulin.  If her level was too low, plaintiff would need to stop and eat a snack.  Taking all of this into consideration, Dr. France was of the opinion that plaintiff could not work a full day without taking unscheduled breaks, and at times would need to go home to rest.  (Tr. 386).  We note that the vocational expert also testified that if the plaintiff required additional breaks totaling 1 hour, she would not be able to work.  (Tr. 427).

The ALJ contends that plaintiff's noncompliance with glucose testing caused her condition to remain uncontrolled, but we do not agree. Plaintiff's glucose levels would fluctuate regardless of whether she tested or not. As there is no evidence to show that plaintiff was noncompliant with her diet or medication, the factors that actually impact a person's glucose level, we do not find substantial evidence to support the ALJ's determination. Because her IDDM remained uncontrolled even after she quit work, and her doctor indicated that her condition required unscheduled breaks and rest periods, we believe the ALJ should have developed the record concerning plaintiff's workplace limitations by obtaining an RFC assessment from her treating doctor. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that ALJ has duty to seek clarification from treating physicians if a crucial issue is undeveloped or underdeveloped). Therefore, on remand, the ALJ is directed to address interrogatories to plaintiff's treating physician(s), asking them to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore the denial of benefits to plaintiff is hereby reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 13th day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE